Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff David Robinson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Robinson,<br><br>       Plaintiff,<br>   v.<br><br>HYW 80 Springs LLC,<br><br>       Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

David Robinson ("Plaintiff") alleges the following:

### INTRODUCTION

1.   Plaintiff brings this action against Defendant HYW 80 Springs, LLC ("Defendant"), for unlawfully discriminating against Plaintiff because of Plaintiff's disability at the real property located at 625 Miller Avenue in Vallejo, California ("Property").

2.   Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California law.

### PARTIES

3.   Plaintiff is a natural person and an adult resident of the San Francisco Bay Area. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4.   Defendant is a California limited liability company with its principal address in California.

5.   Defendant owned, managed, operated, or otherwise was responsible for the Property,

where the Taqueria Tijuana business ("Taqueria Tijuana") is located.

## JURISDICTION

6. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

7. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

8. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property is located inside this district and that Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

9. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities.

10. Plaintiff is a paraplegic due to a tragic motorcycle accident.

11. Plaintiff requires a wheelchair to facilitate his mobility because of a spinal cord injury.

12. Plaintiff's symptoms substantially limit his major life activities.

13. Plaintiff has at all relevant times, displayed a valid disabled person parking placard issued by the California Department of Motor Vehicles.

14. Plaintiff's lives in the San Francisco Bay Area, not far from Taqueria Tijuana and the Property.

15. On Friday, March 17, 2023, Plaintiff personally visited the Taqueria Tijuana.

16. Plaintiff visited the Taqueria because he was hungry and wanted to purchase tacos. The Taqueria is just a few minutes away from where Plaintiff lives.

17. Plaintiff was shocked when he arrived at the Taqueria and encountered a total lack of accessible parking at the restaurant.

18. While Defendant provides parking spaces at the property, Defendant does not provide any semblance of accessible parking.

19. There are no designated handicap parking spaces, nor are there any van-accessible parking spaces with an access aisle. The lack of accessible parking creates a huge problem for Plaintiff

because Plaintiff requires properly configured accessible parking in order to maneuver in and out of his vehicle and wheelchair.

20. It is crucial for property owners to ensure that they provide disabled-accessible parking at their property where a taqueria business is located because accessible parking spaces are designed to provide individuals with disabilities who use mobility aids such as wheelchairs, walkers, or crutches, with the space they need to enter and exit their vehicle and access the business. Failure to provide adequate, *or any*, accessible parking may limit the availability of parking spaces for individuals with disabilities, making it difficult for them to access the business, which can cause inconvenience or even prevent individuals from accessing goods or services.

21. The Property is a public accommodations and business establishment. Specifically, Taqueria Tijuana is a restaurant or other establishment serving food or drink, and the Property is a commercial property.

22. The Property is open to the public and its operation affects commerce.

23. Taqueria Tijuana and the Property has undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

24. Plaintiff wants to access the facilities and goods and services offered at Taqueria Tijuana and the Property when Defendant removes the accessibility barriers at the Property.

25. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer negative feelings.

**FIRST CAUSE OF ACTION**

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

26. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

27. Defendant has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of Taqueria Tijuana and the Property.

//

<u>Failure to Design and Construct an Accessible Property</u>

28. The improvements at the Property are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

29. Defendant violated the ADA by failing to design and construct the facilities at the Property in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

<u>Failure to Make an Altered Facility Accessible</u>

30. Plaintiff alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

31. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

32. Defendant altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

33. The configuration and condition of the Property denied Plaintiff a public accommodation due to Plaintiff's disability.

34. It is readily achievable for Defendant to remove the architectural barriers.

35. Defendant does not have any legitimate business justification to excuse the condition and configuration of the Property.

36. Defendant's violations are the cause of suffering for Plaintiff.

37. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

//

//

//

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

38. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

39. The Property is a business establishment.

40. As described above, Defendant intentionally discriminated against Plaintiff during Plaintiff's visit to Taqueria Tijuana at the Property.

41. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

42. Defendant' acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

43. Plaintiff was harmed.

44. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

45. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

46. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease its discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: March 28, 2023                                    Law Office of Rick Morin, PC

*/s/ Rick M*

_____
Richard Morin
Attorney for Plaintiff

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF